UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

May 10, 2018

LETTER TO COUNSEL:

      RE:    *Eugene Clarence Barber v. Nancy A. Berryhill, Acting Commissioner of Social Security*
             Civil No. TJS-17-1453

Dear Counsel:

On May 26, 2017, the Plaintiff, Eugene Barber ("Mr. Barber"), petitioned this Court to review the Social Security Administration's final decision to deny his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 18 & 19.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny Mr. Barber's motion and grant the Acting Commissioner's motion. This letter explains my rationale.

In his applications for DIB and SSI, Mr. Barber alleged a disability onset date of October 8, 2013. (Tr. 15.) His applications were denied initially and on reconsideration. (Tr. 126-28, 138-39, 140-41.) A hearing was held before an Administrative Law Judge ("ALJ") on April 18, 2016, and the ALJ found that Mr. Barber was not disabled under the Social Security Act. (Tr. 15-29, 34-93.) The Appeals Council denied Mr. Barber's request for review (Tr. 1-3), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ evaluated Mr. Barber's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Mr. Barber was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since October 8, 2013. (Tr. 18.) At step two, the ALJ found that Mr. Barber suffered from the following severe impairments: degenerative disc disease of the lumbar spine, remote injury to the right foot with residual right-foot drop, and remote injury to the left thumb. (*Id.*) At step three, the ALJ found that Mr. Barber's impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R.,

---

[1] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On January 29, 2018, the case was re-assigned to me.

Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 20.) The ALJ determined that Mr. Barber retained the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can sit for 6 hours and stand for 4 hours with a break after 2 hours for 15-minutes, during which time he would be productive in a seated position. The claimant can walk for one block, or 325 feet before needing a break of 5-minutes. The claimant can never operate foot controls with his right leg and can never use his left thumb. He is left-hand dominant. He can occasionally climb ramps or stairs, crouch, crawl, stoop, and kneel. He can frequently balance. He can never climb ladders, ropes or scaffolds. He can occasionally be exposed to unprotected heights or vibration. He can occasionally handle, finger, and feel with his left-dominant hand. He can never operate a motor vehicle.

(Tr. 22.)

At step four, the ALJ determined that Mr. Barber was unable to perform any past relevant work. (Tr. 27.) At step five, relying on the testimony of a vocational expert ("VE"), the ALJ determined that there are jobs that exist in significant numbers in the national economy that Mr. Barber can perform, including information clerk, interviewer, production inspector, and film cutter. (Tr. 28-29.) Therefore, the ALJ found that Mr. Barber was not disabled under the Social Security Act. (Tr. 29.)

Mr. Barber raises two arguments in this appeal. First, he argues that the ALJ did not "properly categorize [his] RFC for the purpose of considering the Medical-Vocational Guidelines, and subsequently failed to use the proper Guidelines as a framework for decision-making." (ECF No. 18-1 at 9.) Second, he argues that the ALJ did not properly consider his "decreased occupational base when determining whether there were jobs available to him in significant numbers." (*Id.* at 13.)

Mr. Barber argues that the ALJ did not properly characterize his RFC for the purpose of considering the Medical-Vocational Guidelines. (*Id.* at 9-13.) He contends that because the ALJ's RFC determination fell between the "light work" and "sedentary work" classifications, the ALJ should have classified his ability to perform work at the sedentary work level instead of the light work level.[2] Had the ALJ classified his RFC at the sedentary work level, he argues, the

---

[2] To determine the physical exertion requirements of work, ALJs classify jobs as sedentary, light, medium, heavy, and very heavy. 20 C.F.R. §§ 404.1567, 416.967. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b). "Sedentary work involves

Medical-Vocational Guidelines, 20 C.F.R. Part 404, subpart P, Appendix 2, would have directed a finding that Mr. Barber is disabled. (ECF No. 18-1 at 11.) However, an ALJ "may rely on the [Medical-Vocational Guidelines] only in appropriate cases." *Golini v. Astrue*, 483 F. App'x 806, 808 (4th Cir. 2012) (internal quotation marks omitted). In general, an ALJ may not rely on the Medical-Vocational Guidelines when a claimant's RFC "falls between the exertional categories upon which the Medical-Vocational Guidelines rely." *Id.* According to SSR 83-12, when an "individual's exertional limitations are somewhere 'in the middle' in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability. Accordingly, [VE] assistance is advisable for these types of cases." SSR 83-12, 1983 WL 31253 (S.S.A. 1983).

Here, the ALJ properly determined that Mr. Barber's RFC fell between the sedentary and light work levels. (Tr. 28.) As advised by SSR 83-12, the ALJ sought evidence from a VE to determine whether there are jobs that exist in significant numbers in the national economy that Mr. Barber can perform. *See, e.g. Jones v. Comm'r, Soc. Sec. Admin*, No. SAG-16-936, 2017 WL 627383, at * 2-3 (D. Md. Feb. 15, 2017) (noting that where a claimant's exertional limitations fell between light work and sedentary work, the ALJ appropriately consulted with the VE); *Bester v. Berryhill*, No. TMD-15-3262, 2017 WL 1207539, at *8 (D. Md. Mar. 31, 2017) (same); *Neal v. Astrue*, No. JKS-09-2316, 2010 WL 1759582, at *2 (D. Md. Apr. 29, 2010) (same). Accordingly, Mr. Barber's argument that the ALJ misclassified his exertional range is without merit.

In the alternative, Mr. Barber argues that the ALJ failed to consider his decreased occupational base at step five when determining whether there are jobs that exist in significant numbers in the national economy that he can perform. (ECF No. 18-1 at 13-15.) Specifically, he argues that the "ALJ failed to elicit an adequate explanation from the VE as to why the Plaintiff was able to perform the jobs identified at the light exertional level in light of his eroded vocational base." (*Id.* at 14.)

ALJs may consider the testimony of VEs to determine whether there is work available in the national economy that the claimant can perform. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). "In order for a [VE's] opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006); *see also Reynolds v. Astrue*, No. SKG-11-559, 2012 WL 1107649, at *21 (D. Md. Mar. 30, 2012) ("[T]he important issue is not whether the ALJ's written opinion ultimately classified Plaintiff's RFC abilities and limitations as light or sedentary— rather, the crucial issue is that the ALJ asked the VE to consider all of Plaintiff's RFC abilities and limitations, and the VE opined that there are jobs that Plaintiff could perform." (emphasis omitted)).

---

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

Here, the ALJ asked the VE to consider a hypothetical individual with limitations and abilities identical to those of Mr. Barber. The VE testified that such an individual could perform jobs that exist in significant numbers in the national economy. Because the ALJ's hypothetical questions accounted for all of Mr. Barber's functional limitations, the questions were proper. *See Fisher v. Barnhart*, 181 F. App'x. 359, 364 (4th Cir. 2006) (per curiam) (noting that a hypothetical question is unimpeachable if it adequately reflects a "residual functional capacity for which the ALJ had sufficient evidence" (quoting *Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005)). The ALJ properly credited the VE's testimony on this point and concluded that Mr. Barber was not disabled.[3] By doing so, the ALJ accounted for Mr. Barber's decreased occupational base below the level of light work.

For the reasons set forth herein, Mr. Barber's Motion for Summary Judgment (ECF No. 18) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 19) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                       Sincerely yours,

                                       /s/
                                      Timothy J. Sullivan
                                      United States Magistrate Judge

---

[3] Mr. Barber also argues that the VE's testimony "lacks credibility" because the VE was "absent for a significant portion of the hearing" and may have "lacked the insight" required to answer the hypothetical questions posed by the ALJ. (ECF No. 18-1 at 14.) However, the VE was only required to consider the hypothetical questions posed by the ALJ, not the testimony of Mr. Barber during the hearing. The ALJ did not ask the VE questions about whether Mr. Barber *himself* could perform jobs that exist in significant numbers in the national economy. (Although the ALJ did ask the VE about Mr. Barber's ability to perform past relevant work, the ALJ ultimately concluded that Mr. Barber could not perform past relevant work.) Instead, the ALJ asked the VE about a *hypothetical individual* with the same limitations as Mr. Barber, which the ALJ relayed to the VE through hypothetical questions. For this reason, this argument is also without merit.